■ MARK GRAVES, Appellant, v CRAIG TRUDELL et al., as Co-administrators of the Estate of STEPHEN R. TRUDELL, Deceased, Respondents. [765 NYS2d 104] —Appeal from an order of Supreme Court, Onondaga County (Carni, J.), entered May 22, 2002, which denied plaintiff's motion seeking partial summary judgment on liability.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is granted.

Memorandum: Supreme Court erred in denying plaintiff's motion seeking partial summary judgment on liability. Plaintiff met his initial burden by establishing that defendants' decedent forcibly entered plaintiff's home with a loaded shotgun and shot plaintiff, injuring his leg, and that plaintiff then returned fire, killing decedent. In opposition to the motion, defendants submitted the affidavit of their attorney and the affidavit of defendant Craig Trudell, decedent's son, neither of whom had firsthand knowledge of the events. Although defendants correctly contend that the police could not determine whether plaintiff or decedent fired the first shot, that inability does not raise an issue of fact with respect to decedent's liability here. Plaintiff established that he encountered an armed intruder who forcibly entered his dwelling and thus plaintiff was justified in using deadly force to protect himself and the other person in the dwelling (*see* Penal Law § 35.15 [2] [a] [i]) and to stop the apparent burglary (*see* § 35.20 [3]). The unsubstantiated allegations and speculations of defendants

with respect to why decedent was at plaintiff's home and whether decedent intentionally shot plaintiff likewise do not raise an issue of fact sufficient to defeat plaintiff's motion (*see Zuckerman v City of New York,* 49 NY2d 557, 562-563 [1980]). We therefore reverse the order and grant plaintiff's motion. Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.